UNITED STATES DISTRICT
COURT DISTRICT OF
MASSACHUSETTS

UNITED STATES OF AMERICA

v.

FAITH NEWTON

Docket No. 1:21-cr-10035-GAO-1

## SUPPLEMENTAL FILING TO DEFENDANT'S MOTION FOR RELEASE ON CONDITIONS

The defendant, Faith Newton ("Newton"), by and through undersigned counsel, hereby respectfully files a supplement to her Motion For Release On Conditions, specifically home confinement, pursuant to 18 U.S.C. § 3142(a)(2). As grounds therefor, Newton avers that despite extensive efforts by her counsel she is unable to view or review millions of pages of discovery which are hosted on a cloud system while she is detained in the Donald W. Wyatt Detention Facility ("Wyatt"). As a result, Newton is unable to assist in her defense in violation of her rights under the United States Constitution and Constitution of the Commonwealth of Massachusetts. In addition, Newton has now tested positive for the Covid-19 virus and her health is at risk.

As this Court is aware, Newton is charged with various crimes pertaining to the operations of Arbor Homecare Services, LLC. The gravamen of the government's case alleges that Newton devised and maintained a scheme to defraud the Medicaid system by engaging in unlawful practices including fraudulent patient diagnoses, notes, and billing entries, with an alleged loss figure of One Hundred Million Dollars ($100,000,000.00). It is undisputed that essential information pertaining to the charges and preparation of a defense is contained within the millions of pages of patient files which are stored in a cloud which is operated and

{00087246 1}

maintained exclusively by Axxess Technology Solutions ("Axxess"), a third party company located in Dallas, Texas.

The parties' access to the Axxess database requires the use of an electronic portal through an internet connection. To date counsel for Newton have been granted an electronic portal which allows limited access to view, upload and/or print the documents.[1] It is undisputed that detainees at Wyatt have no internet access and therefore Newton has no way to review, upload or print the medical records, entries, bills and other materials stored on Axxess.

Faced with this daunting situation, counsel for Newton have researched other alternatives in order that Newton may review the records stored on Axxess. These efforts have included contacting legal counsel for the Middlesex Sheriff's office and prison system in search of other facilities or sites which allow internet access, contacting other prisons including Massachusetts Correctional Institutes ("MCI") at Framingham and Walpole, Massachusetts, all to no avail. Counsel was advised that these facilities, as well as other state prisons and jails within the Commonwealth of Massachusetts, also do not have provision for or allow internet access to detainees or prisoners under any circumstances.

Counsel have also requested the assistance of Mike Andrews, First Circuit Case Budgeting Attorney, in researching a potential solution for Newton. In that regard, Attorney Andrews reached out to the director of the National Litigation Support Team (a Defender Services funded outfit which assists courts and CJA/Federal Defenders) who confirmed that the issue of whether a laptop can be configured with access to only a designated internet address(es) for use by a detained person has not yet been determined or implemented to date.[2]

---

[1] Indeed, the restriction of using a portal resulted in the government spending in excess of four (4) years in this matter searching the patient records on Axxess.

[2] It was acknowledged that discovery in criminal cases is now more often cloud-based and that a solution for pretrial detainees having access from inside facilities will need to be resolved.

{00087246 1}

Counsel further inquired whether Newton could be brought to the United States Marshall's office at the Moakley Courthouse for the purpose of reviewing electronic discovery in the attorney conference rooms, however since the request is to review voluminous discovery accessible only through the internet, the Marshall's limited facilities were deemed not appropriate.

Counsel's efforts have also included the direct request to Axxess Technology Solutions to provide special permission to download the patient files for Arbor. Counsel have been told that the request has been sent to the Administrative level for response. Counsel have not yet heard back and are not overly optimistic based upon prior requests made to Axxess by the government and corporate counsel for Arbor. However, even if Axxess agrees – which counsel understand would be highly unusual – such a decision would simply allow us to print hundreds of thousands of pages of patient files. This still presents two readily identifiable problems: 1. Printing sixty (60) pages at a time will still take an inordinate amount of time to process and not in time to have this case ready for trial in any reasonable timeframe, and 2. A hard copy printout of which Wyatt still would not allow counsel to import into the facility and/or leave them with the client. Needless, to say, the back and forth to review so much volume is both impractical and in conflict with our client's interest in her attorneys being ready to try her case as soon as is practicable.

The rampant spread of Covid in Wyatt is of particular concern to Newton's Health as she has now tested positive for the virus. As previously noted, Newton has multiple diagnosed and documented co- morbidities which are documented and have been determined to create an

elevated risk of severe illness for anyone so classified/diagnosed that could be exposed to the virus.[3]

Given Newton's lack of access to the millions of pages of medical records, notes and billing on Axxess due to her continued detention at Wyatt and lack of internet access, she is unable to review the crux of the government's case in chief and therefore is unable to assist her counsel in preparing her defense. These considerations, in addition to the lack of other prisons or facilities which provide afford internet access, result in violation of her constitutional right to assist in her own defense.  In addition, the rampant spread of Covid amongst Wyatt's staff and detainees and now to Newton personally, she is at both at risk to exposure to the virus and resulting serious health consequences. Her continued detention therefore presents an appreciable, if not substantial, risk to her safety, justifying her release to home confinement.

---

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

{00087246 1}

WHEREFORE, the defendant respectfully requests her motion for release on conditions be granted.

Dated: January 21, 2022

Respectfully submitted,
FAITH NEWTON
By and through her attorney,

/s/ R. Bradford Bailey
R. Bradford Bailey,
BBO#549749
BRAD BAILEY LAW, P.C.
44 School Street, Suite 1000BBoston,
Massachusetts 02108
Tel.: (857) 991-1945
Fax: (857) 265-3184
brad@bradbaileylaw.com


/s/ Raymond Sayeg, Jr.
Raymond Sayeg, Jr.
BBO NO. 555437
Krattenmaker O'Connor & Ingber P.C.
One McKinley Square, Fifth Floor
Boston, MA 02109
(617) 523-1010
rsayeg@koilaw.com

## Certificate of Service

I, Raymond Sayeg, Jr., hereby certify that on this the 21st day of January 2022, I caused a true copy of the foregoing *Defendant's Supplemental Filing to Defendant's Motion for Release on Conditions* to be served upon all necessary parties via CM/ECF system.

/s/ Raymond Sayeg, Jr.
Raymond Sayeg, Jr.