① United States District Court for the District of Massachusetts

United States of America )
   Plaintiff )
    )
v ) Case No:
    ) 1.21 CR. 100-35-GAO
    )
Faith Newton )
   Defendant )

Defendant's Response to the Governments' Opposition to the Defendants' motion for Release of Funds to Hire an Attorney

The Defendant submits this response to the government's opposition at the request of the court. The defendants' motion was Approved in open court at the status conference held on July 28, 2022. After the Defendants' motion was approved by the Magistrate, the government requested that the Magistrate not enter the order as the government "needed to check with Carol to see what funds can be released." The Magistrate appears to have withheld the order, despite the verbal order in open

court to allow the defendants' motion. The defendant took notes during the hearing and asserts the following quote by the Magistrate: "Motion to Release Money for Ms. Newton is Allowed to hire attorney with extent that the government is ordered to release (529 B) college funds for the children."

The government did not oppose the release of funds during the hearing and, in fact, did not file an Opposition until August 4, 2022, a full week AFTER the Magistrate's ruling. The Defendant was not served with a copy of the opposition.

At the next scheduled status conference on August 11, 2022, the defendant asked why funds had not yet been released. The Magistrate informed the defendant that funds were not released because she (the Defendant) had not responded to the government's opposition.

Although a response to the government's opposition is not required by law of by the Rules of Criminal Procedure, and despite the fact that the government did not oppose the Defendants' motion until seven (7) days AFTER the Magistrate's ruling


to Allow the Defendant's Motion, the defendant submits this ~~oppos~~ response at the Courts' request and takes the position that local rules and Federal Rules of Criminal Procedure prevent the "re-ajudication" of an issue once a ruling has been made. As such, and because the Motion was Allowed by Magistrate Kelley in open court on July 28, 2022, it is the defendant's position the ~~the~~ government's Opposition is moot.

The following is provided at the request of the court:

### Choice of Counsel

The Sixth Amendment encompasses "the right to select and be represented by one's preferred attorney." see Wheat v. United States, 486 U.S. 153, 159 (1988), United States v. Bubar, 567 F.2d 192, 203 (2nd Cir. 1977) Unlike a claim of ineffective assistance of counsel that requires a showing of prejudice and is thus subject to harmless error analysis, "a choice of counsel violation occurs whenever the defendant's choice is wrongfully denied." see United States v. Gonzalez-Lopez, 548 U.S. 140, 150 (2006) - choice of counsel



violation" unquestionably qualifies as 'structural error' [in that]... harmless error analysis in such a context would be a speculative inquiry into intangibles, such as style and relations with prosecutors, that might have affected alternative representation".)

While a defendant may not insist on representation by an attorney who will be paid by tainted assets subject to forfeiture that have been seized following conviction, see Caplin & Drysdale, Chartered v. United States, the defendant is pre-trial and has not been convicted.

Additionally while a defendant may not insist on representation paid by tainted assets that have been frozen befor trial (United States v. Monsanto), the right to choice of counsel received an important boost by a plurality of the Supreme Court in Luis v. United States (2016). In Luis, the Court rejected the notion that the government's interest in freezing assets to preserve funds for restitution and financial penalties in case of conviction trumped the right to retain counsel of choice with <u>untainted</u> funds, thereby placing

a significant limitation on the governments' ability to restrain assets in a pretrial setting. See Luis v. United States 136 S.Ct. 1096.

### Use of Erroneous Statute to Wrongfully Assert that the Defendant's Frozen Funds Are "Tainted".

Luis v. United States involved a pretrial ex parte asset freeze pursuant to 18 U.S.C.S. 1345, applicable to alleged violations of healthcare or banking laws. The defendant's funds, restrained by Section 983(j)(1)(A) and opposed for release by the government citing Section 853, require that funds are shown to be tainted under a relation-back theory which assets vest title in the government 'as of the date of the criminal act in question.' See Caplin, 491 U.S. at 628 (quoting drug forfeiture statute, 21 U.S.C.S. 853. The government froze the defendant's funds under a statute 983(j)(1)(A) and cites in its opposition 853 (drug forfeiture) neither of which apply to the defendant or her charges.



The Supreme Court, in <u>Luis v. United States</u>, found that assets restrained were untainted and therefore, <u>belonged to the defendant</u>. Correcting the courts previous error, as it is <u>obligated to do</u>, will correct the record to freeze funds under 18 U.S.C.S. 1345, applicable to violations of healthcare and banking laws, and requires the funds be considered <u>untainted</u> as found by Luis v. United States, and therefore, <u>must be released</u>. (see Luis 136 S.Ct. at 1090). United States v. Banco Cafetero Panama, 797 F.2d 1154, 1159-60 (2nd Cir. 1986) provides the case law and precedent for discussion of "traceable proceeds" of tainted funds.

 To ignore case law and precedent is to ignore the very basis of the American Justice System and to ignore the Constitutional protections granted under Equal Protection clauses ~~and Amen~~ ensured to all Americans.

 The government continues to use erroneous statutes as its Modus Operandi to wrongfully indict, wrongfully detain, and wrongfully freeze and seize assets. The government, I believe and for which probable cause exists,

⑦

is also colluding with Wyatt Detention Center and/or its employees, to hamper the defense by limiting access to discovery, by invading the defendant's privacy by monitoring phone, messaging, and internal kiosk communications without probable cause, and solely for the purpose(s) of obstructing justice and inhibiting the defendant's access to court. A fraudulent copy of a Grand Jury subpoena was issued to Wyatt Detention Center in July 2021 solely for the purpose of obtaining recordings of the defendant speaking via phone and video call to her husband and children. The fraudulent Grand Jury Subpoena was used by AUSA Hemani because there was no probable cause to obtain a warrant. Certainly, the defendant was not a target of a Grand Jury subpoenaed in July 2021 as she was already indicted in January 2021. A copy of the fraudulent subpoena intended to deceive Wyatt Detention Center is available among the discovery provided to the defendant. This "subpoena" did not appear until the defendant discussed the release of her calls and video visits with other detainees. The government issued a

fraudulent Grand Jury subpoena to provide Wyatt with legal protection for violating the defendant's pretrial right to privacy and to ensure compliance with its own policies. The deceptive use of a fraudulent subpoena provided the video visits and calls that the government used to argue the defendant's continued detention. As such, the content of those calls and videos were not legally obtained, were fruit of the poison tree, and should not have been considered by this court during a previous detention hearing. The government's deceptive issuance of a subpoena for a Grand Jury that does not exist to obtain phone and video recordings gives probable cause to believe that other government issued (by AUSA Hemani) subpoenas (for witnesses, witness statements, bank statements, etc.) were also crafted for a Grand Jury that did not exist, giving credence to the defendant's claims of fictitious charges and fraudulent indictment. A provable, matter of fact exists that AUSA Hemani has provided a fraudulent Grand Jury subpoena with the intent to deceive at least one time (to Wyatt). What makes this court believe it hasn't happened previously, as argued by the defendant, repeatedly

and in multiple filings, before even becoming aware of the fraudulent subpoena issued to Wyatt? The government's outrageous conduct in this case will be the focus of the defense at trial, which will not occur if District Judge O'Toole adheres to the law.

### Dispositive Motions Pending

Several dispositive motions for which dismissal of the indictment against the defendant requires dismissal as a matter of law are currently pending before the District Judge and MUST be ruled on prior to trial. Significant case law and precedent exist and the indictment of the defendant MUST be dismissed as a matter of law rendering continued refusal to release funds a moot point.

### Availability of Funds

The Affidavit of Special Agent Elizabeth Keating provided to the court in support of the government's Opposition is provided by an Agent of the Internal Revenue Service (IRS). The I.R.S. is not the Department of Justice and an affidavit by an Agent of the I.R.S.

amounts to testimony before this court that violates the defendant's right to confrontation. The U.S. Constitution and Fed. R. Crim. P. clearly prevent the court's consideration of testimony by a witness who the defendant is not able to confront by cross. The government should know better than to include testimony in its opposition to the Defendant's motion, nevertheless, the defendant emphasizes that the available funds balances listed by the I.R.S. Agent were accurate as of February 21, 2021, nearly a year and a half ago and the defendant asserts the balances are not current. It is also important to note that NONE of the listed accounts belong to (owned by) Newton. The accounts listed are either owned and controlled by family members or are business accounts, all uncharged and unindicted, and NONE having any financial obligation to pay for Newton's legal defense. Nevertheless, the defendant asks this court to suppress the affidavit and to ignore its contents as it amounts to testimony in violation of the defendant's Constitutional Right to confront.

## "Weaponization" of Defendant's Need For, and Right to Counsel

The government, in collaboration with and in collusion with court appointed stand-by counsel, continues to weaponize the need for an adequate defense. The government continues to attach deceptive statutes to pretrial forfeiture allegations, and skirt the requirements of notification and need to renew restraining order(s) on funds and properties derived from untainted funds in an effort to oppose release of funds and prevent the defendant from hiring non-colluding counsel who might disclose the government's unlawful scheme. Further, the defendant asserts that an investigation of funds restrained by the government ex parte the day after her indictment on fictitious charges, will likely show that funds have already been unlawfully seized, prior to conviction and without notice to owner(s) of record. The defendant asserts that investigation into the pre-mature forfeiture of funds will show that the government and defense counsel (current and past) never followed rules of criminal or civil procedure and indicted the defendant with the intention to do whatever is necessary, including unlawfully detaining her, to

ensure she is never released or found not guilty and to ensure that her indictment, despite the law, is never dismissed.

Currently appointed stand-by counsel continues to over step the duties required and defined as "stand-by", and continues to engage with the court on the defendant's behalf, over her objections. The attached letter, privilege explicitly waived by Newton, will show that counsel engaged in conversation with Judge Kelley outside of court to discuss my release where Judge Kelley indicated "she would consider releasing me (the defendant) — if I (the defendant) hire a lawyer ...." The judge also apparently recognized the need for Internet access to "assist with defense." Because I am exercising my constitutional right to proceed Pro Se, I will not be assisting with my defense, but enabling the entire process of defense. According to the letter, I am being compelled, through being required to hire an attorney, prior to being released and unconstitutionally as a condition of release. While I intend to utilize released funds to hire an attorney, the defendant will not do so until AFTER

Judge O'Toole rules on dispositive pretrial motions. Law requires the dismissal of the indictment. Funds provided to an attorney prior to ruling will result in waste of already limited resources of the defendant due to lengthy unlawful detention. Attorney Kerner also states that "you (the defendant) need to have someone explain to the judge how having unconstrained access to Axxess is important to your defense." Because I am Pro Se, if the court needs this information, it can schedule an evidentiary hearing to ask the defendant and inquire of the database contents. The patient database contains the crux of the government's healthcare fraud case and, in fact, is required to be provided to the defendant in a format that is presentable to the jury in accordance with the Federal Rules of Evidence (FRE). <u>The government cannot place cloud based records into evidence as exhibits</u>, and thus, has not disclosed how it intends to utilize the information contained therein to prove its case. The database is exculpatory, proves the records provided to the government by its key witness was stolen and forged, and the government failed to

(13)

authenticate documents it use to indict the defendant. The same documents were refused ~~by~~ for prosecution under Massachusetts United States Attorney Carmen Ortiz in 2015.

The attached letter from Attorney Kerner, in the third paragraph, states that funds are available for the defendant to hire an attorney but does not state where or how to access those funds. The letter also states that an attorney will not be appointed unless, "you submit a complete and truthful financial affidavit which discloses assets in the U.S. and outside the country." and further states "You will be questioned under oath about what was done with any funds the government knows you wired out of the country."

Attorney Kerner, appointed as stand-by counsel, should know that assigning court appointed counsel may not be conditioned upon the completing of financial affidavits, (United States v. Aven) Further, Attorney Kerner states that appointment of counsel is contingent upon my being questioned by the government, in violation of my Fifth Amendment rights, and under threat by the government, "Ray", "Brad", "Paul", and Attorney Kerner of further criminal exposure per Kerner's

letter. Mr. Kerner also states that "a truthful one (financial affidavit) will establish that you (the defendant) are not entitled to one (court appointed lawyer). Attorney Kerner is not now nor has he ever had any discussion with me about finances, can not possibly know what funds I have available, and can only be using this statement to prevent me from requesting or obtaining counsel. Being told by my own stand-by counsel that I must chose between my Fifth Amendment Rights and my right to counsel is an egregious violation of his duty to protect and defend my rights and can only be construed as his willfulness to engage as a "government agent" to further deceive me and leave me without counsel. The government had years prior to indictment to investigate any foreign assets it believes is owned by the defendant or to question the defendant before a Grand Jury. It did neither, and is now using my right to counsel as a ~~tool~~ way to compel me to provide answers and fill holes in its case as a result of sloppy, or even non-existant, investigative work prior to indictment. The government

opposes release of funds held ex parte under an erroneous statute for drug forfeiture that does not apply and has continuously threatened the defendant through collusion with nefarious defense counsel with additional charges if counsel is appointed by the court. All of this as a result of the court's allowance of the withdrawal of previous defense counsel, having already paid $350,000 for only one year with no accounting or investigation performed by the defense, despite claiming all $350,000 in funds have already been expended. The deceitful conduct by the government in this case is obvious.

## CONCLUSION

The government's unethical use of fraudulent Grand Jury subpoenas to obtain documents it is not otherwise entitled to, supposedly signed by Andrew Lelling in July 2021, five months after he left office, demonstrates the governments willingness to discard its ethical, moral, and professional obligations in this case. The law requires immediate release of funds (Luis v. U.S.) and justice requires reporting of the unlawful acts by the government to proper authorities.

DATE: 8/21/22

Respectfully Submitted