UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| V | ) | |
| | ) | |
| FAITH NEWTON | ) | CASE NO.: 1:21-CR-100 35 GAO |
| Defendant | ) | |
| | ) | |

## MOTION TO AUTHORIZE DISCLOSURE OF GRAND JURY TRANSCRIPTS, RECORDINGS AND MINUTES

Now comes the Defendant FAITH NEWTON, in her Pro Se capacity, in the above cause moves this Honorable Court to make judicial notice of all facts raised within said motion and now asks the court to use its powers granted under the Federal Rules of Criminal Procedure 6( E)(ii) to **order the government and/or other authorized party to release to the Defendant all recordings, transcripts, reporter's notes <u>and minutes</u> of the grand jury proceedings (recordings), in its control, in accordance with the above referenced matter.**

Per the Federal Rules of Criminal Procedure 6 (e)(1), *"all proceedings of the grand jury must be recorded by a court reporter or by a suitable recording device except while the grand jury is deliberating or voting. Unless the court orders otherwise, an attorney for the government will retain control of the recording, the reporter's notes, and any transcript prepared from those notes."* If the court has, in fact, ordered that a party other than the government retain all recordings, transcripts, and reporter's notes of the grand jury proceedings, the Defendant requests that this court order any/all relevant parties to release said recordings.

### ARGUMENT

Per Fed. R. Crim. P 6 (E)(ii), *"the court may authorize disclosure of a grand-jury matter at the request of a defendant who shows that a ground <u>may</u> exist to dismiss the indictment because of a matter that occurred before the grand jury."*

The Defendant asserts that multiple defects in the indictment against her exist relative to the indicted charges and previously received manufactured disclosures of the government <u>give rise</u>

that probable cause exists to believe that one or more exhibits shown to the Grand Jury are/were likely manufactured and/or forged, rendering the indictment against the defendant illegitimate and/or fraudulent. Additionally, the extreme insufficiencies of the indictment relative to the charges against the defendant, especially insufficiencies related to the charges of money laundering, give further rise to believe that **probable cause exists that a Grand Jury was likely never convened and that testimony from witnesses was never presented to a Grand Jury, ensuring that a True Bill was never returned and that the indictment against the defendant is fraudulent**. Under Count Seven (7) of the indictment, NEWTON was charged with Money Laundering Conspiracy in violation of 18 U.S.C.S. 1956(h). 18 U.S.C.S 1956 (h) states: *any person who conspires to commit any offense defined in this section [18 U.S.C.S. 1956] or section 18 U.S.C.S 1957, shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.* NEWTON is erroneously being charged under the "penalties portion" of the statute which renders proper and adequate defense impossible. The indictment is unclear, the cited statute is purposefully vague and incorrect, and if the Grand Jury indicted specifically under 18 U.S.C.S. 1956(h), it is necessary for the defense to inspect and review Grand Jury minutes and recordings to determine how/why the government indicted under the penalties phase of the statute. The error indicates that the government engaged in errors and omissions that are likely substantial enough to possibly result in dismissal of the indictment. This probable cause meets the requirement under Fed. R. Crim. P. 6(E)(ii) where the *"defendant who shows **that a ground may exist** to dismiss the indictment because of a matter that occurred before the grand jury"* is entitled to the inspection and review of Grand Jury recordings and minutes of the procedure(s) undertaken by the government to obtain indictment.

Grand Jury minutes are needed for inspection by the defense to determine if the Grand Jury was misled by the prosecution to indict under the *"penalties phase"* of a statute. Dismissal of the indictment may be required depending upon the evidence that was provided to the Grand Jury by the government and the instruction(s) and/or definition(s) that were provided relative to the statute(s) under which they returned a true bill.

The defendant was also indicted for violation of 18 U.S.C.S 1957: *Engaging in monetary transactions in property derived from specified unlawful activity.* The term *"monetary transaction"* is defined as the deposit, withdraw, transfer, or exchange**, in or affecting interstate or foreign commerce**, of funds or a monetary instrument as defined in section 1956 (c)(5) of this title. 18 U.S.C.S 1956 (c)(5): by through or to a financial institution (as defined in section 1956 of this title (18 U.S.C.S 1956) including any transaction that would be a financial transaction under section 18 U.S.C.S 1956 (c)(4)(B) of this title. 18 U.S.C.S 1956 (c)(4)(B) BUT such term does not

include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the constitution.

Nowhere in the indictment does the government provide *any* description of *"monetary transactions in or affecting interstate or foreign commerce"* as is required under the statute. The defendant asserts that the government could not have presented such evidence to the Grand Jury as it does not exist and is in collusion with the Magistrate to use the matter of detention as a means to compel NEWTON to answer questions under oath about possible foreign assets in an attempt to obtain evidence that it knowingly lacks to prosecute and to cover-up the presentation of a fraudulently obtained indictment to the court among other potential matters of misconduct.

The defendant, despite multiple requests and demands of her previous defense attorney R. Brad Bailey, **did not receive a copy of her indictment until January 2022, a full year after she was arraigned and detained by this court** without evidence or sufficient probable cause. To date, the government has even failed to provide the same discovery/evidence that this court would have been required to review to find probable cause at arraignment to detain her. Because of the charges against the defendant, the Magistrate was required to review evidence against the defendant at arraignment and was required to consider the weight of any such evidence under the Bail Act. Because the government could not produce even a single piece of evidence as required under rules of discovery for more than eighteen months after indictment, the defendant asserts that evidence was NOT reviewed or weighed, for arraignment or detention. The "voluminous" discovery repeatedly cited by the government has resulted in less than 250 documents after 18 months of lengthy pretrial detention. Furthermore, of the 250 documents disclosed under Rule 16, the defendant asserts that the majority of them are manufactured/forged and do not match the authentic documents viewable in the cloud based AXXESS database. A review of Grand Jury documents is required to determine if the government presented documents that were not authenticated or verified by the government before showing the Grand Jury or worse, that the government acted nefariously and utilized manufactured/forged evidence to obtain a fraudulent indictment against the defendant.

**There now exists probable cause, due to the government's failure to provide discovery and due to the erroneous statute under which the defendant has been detained more than nineteen (19) months (*Section 3142 (e)- rebuttal presumption is not applicable* ). Probable cause exists to believe that this court (Magistrate) ordered the defendant to be detained without sufficient evidence or cause, in violation of the law, which order was apparently substantiated by the district judge, also without evidence, if the ruling posted to the docket is legitimate.**

<u>An inspection and review of all documents and minutes related to the Grand Jury in this case is required to ensure that the indictment against the defendant is not fraudulent and that this court did not knowingly detain the defendant based on a fraudulent indictment without evidence.</u>

In addition, the defendant asserts that the use of an indictment of a previously tried defendant in Maryland (*United States v Bikundi 925 3d-(2014-2019)*) contains so many similarities and word-for-word similarities that it was **likely used as a template upon which the government based fictitious charges against the defendant as a means to illegally freeze/seize the defendant's assets totaling more than $21 Million Dollars.** The parallels between the *Bikundi* indictment and that of the defendant are as follows: Defendant Florence Bikudi in *United States v. Bikundi* 925 3d (2014-2019) was indicted on February 19, 2014 on one count of health care fraud in violation of **18 U.S.C.S 1347**, one count of Medicaid fraud in violation of **42 U.S.C.S 1320 (a)-7b (a) (3),** four counts of laundering monetary instruments in violation of **18 U.S.C. S. 1956 (a)(1)(B)( i)** and three counts of engaging in monetary transaction with monies derived from the specified unlawful activities of healthcare and Medicaid in violation of **18 U.S.C.S 1957**. *See indictment (56-65 ECF NO1) Maryland.* On January 28, 2021, the defendant, FAITH NEWTON, was indicted on the following charges: Count One, Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C.S. 1349; Count Two, Health Care Fraud: Aiding and Abetting (**18 U.S.C.S. 1347** and 2); Count Three, Conspiracy to Pay and Receive Kickbacks in violation of 18 U.S.C.S. 371; Count Four, Paying and Receiving Kickbacks in violation of **42 U.S.C.S. 1320(a) – 7b(b)(2)**, Count Seven, Money Laundering Conspiracy in violation of **18 U.S.C.S. 1956(h)**; and Counts Eight through Fifteen, Money Laundering in violation of **18 U.S.C.S. 1957**.

Both *Bikundi* and NEWTON being charged with the same violations under 18 U.S.C.S. 1347, violations of 42 U.S.C.S. 1320(a)-7(b), violations of 18 U.S.C.S. 1956 (*Bikundi* charged under subtitles (a)(1)(B)(1) and NEWTON being charged under the non-existent subtitle (h), and violations of 18 U.S.C.S. 1957. Both being charged with massive amounts of loss, *Bikundi* with loss of $86 Million and NEWTON with loss of over $100Million Dollars. A review of the arguments made by the government in the *Bikundi* case will also show verbatim arguments made by AUSA Hemani in the NEWTON case relative to potential sentencing guidelines of 168-210 months as argued by AUSA Hemani in NEWTON's detention hearing and cited in the restraining order for criminal forfeiture. The guidelines cited by AUSA Hemani for NEWTON mirror those of the *Bikundi* case despite the stark differences and circumstances involved, and despite the additional charges for NEWTON under 18 U.S.C.S. 371 (Conspiracy to Defraud the United States), Conspiracy and Paying and Receiving Kickbacks (not included in the Bikundi case). Additionally, violations of 42 U.S.C.S. 1320(a)- 7(b) are charged in both the *Bikundi* and NEWTON cases but for very different violations (*Bikundi* for false statements on a Medicaid application and NEWTON for paying and

receiving kickbacks- both somehow charged under violation of the same statute- being one of many errors in citation in the indictment against NEWTON).

According to the allegation in the *Bikundi* indictment, the defendant engaged in a massive fraud spanning almost seven years <u>from January 2008 until her arrest in 2014 to conceal her exclusion from participation in federal health care programs</u> by using fraudulent forms and thereby obtained unauthorized Medicaid payments totaling 86,000,000 million dollars. *Bikundi* was ordered temporarily detained at the government request by magistrate judge. Subsequently filed a motion for pretrial detention of the defendant pursuant to 18 U.S.C.S 3142 (d)(1)(B)(e) and (1)(f)(2)(A) because defendant Bikundi posed a serious flight risk and there was no release condition or combination of condition that will reasonably assure her appearance in court as required. *Bikundi*, at the time, was an undocumented immigrant, had no nursing license, owned the company in question, and had a prior criminal record for similar crimes. In contrast, NEWTON having been detained under 18 U.S.C.S. 3142(e), the same as *Bikundi*, had a valid nursing license, is a United States citizen and business owner, with no previous arrests or prior criminal history. The obvious differences should require that detention under the same statute or reasoning cannot possibly apply to both NEWTON and *Bikundi*, however the court and the government have used the exact same arguments in both cases.

Federal Rule of Criminal Procedure (7) (C )(2) states, *"Citation Error. Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction.* NEWTON's alleged co-conspirator was joined in the indictment and on page fourteen (14) is indicted in what is listed as Count Four, False Statements in violation of 18 U.S.C.S. 1001(a)(2) on April 24, 2017; page fifteen (15) Count Five, False Statements, in violation of 18 U.S.C.S. 1001(a)(2) on April 25, 2019, on page sixteen (16) Count Six, <u>False Statements in Health Care Matter</u> in violation of 18 U.S.C.S. 1035(a) allegedly taking place on December 22, 2016<u>. Faith Newton, charged with Conspiracy to Pay and Receive Kickbacks in violation of 18 U.S.C.S. 371, is both an error in citation and deficiency in the indictment</u>. 18 U.S.C.S. 371 requires direct acts/intent to <u>conspire to defraud the United States</u>. Paying and/or Receive Kickbacks, alleged acts detailed as money given to/taken from her healthcare clients, is not chargeable under 18 U.S.C.S. 371. The indictment fails to include any statement of any act by the defendant of paying or taking money/kickbacks directly from any individual working directly for the United States of America. In fact, witness statements provided to the defendant by the government include patient denials of these acts having ever occurred. The government ignored the evidence and witness statements in contrary to their alleged charges. A review of all evidence/exhibits/testimony provided to the Grand Jury and a review of all Grand Jury minutes leading to an indictment of the defendant on charges under which witness statements and testimony clearly deny and are in full opposition to the charges/allegations in the

indictment is required to ensure that a legitimate True Bill was, in fact, returned by a legal and adequately selected and un-conflicted Grand Jury in accordance with all laws, rules, and required procedures.

Unconscionably, the indictment filed as Document 1 on January 28, 2021 is deficient in signatures <u>and does not contain the necessary signatures required to authorize a True Bill</u>. A review of the indictment by this court without supporting and legitimate evidence should have resulted in a failure to charge the defendant at arraignment. As such, **<u>the defendant has been jailed for Nineteen (19) months without a proper and legitimate legal instrument setting forth the requirements for her detention under the law</u>**. This glaring deficiency was ignored by previous defense counsel, knowingly propagated as a True Bill by the government, carelessly determined adequate for the finding of probable cause for the defendant's arrest and pretrial detention by Magistrate Judge Kelley and later affirmed by District Judge O'Toole.

Therefore, **<u>good cause exists</u>** to release requested Grand Jury information because **<u>several grounds may exist</u>, as required under Fed. R. Crim. P 6 (E)(ii), to dismiss the indictment against the Defendant. The inspection and review of Grand Jury recordings and minutes is requested in an effort to determine whether or not the indictment against the defendant is fraudulent and invalid.** To date, the Defendant has neither seen evidence for, nor had a chance to review or prepare a defense for, any charge that would contradict the assumption under Fed. R. Crim. P. (7)(c)(2) of an error in citation. <u>As such, only a Grand Jury transcript review can determine which charge was intended</u> (Conspiracy against the United States under 18 U.S.C.S. 371 or Conspiracy to pay and Receive Kickbacks)

In addition, only a review of Grand Jury recordings can determine if the same citation error/error in stated charges/error in instructions presented to Grand Jury occurred during the Grand Jury proceedings. Fed. R. Crim. P. also provide a rule under which a motion to dismiss the indictment based on defaults in the Grand Jury proceedings is appropriate. The Forfeiture Allegation, in addition to the deficiency relative to stated versus intended charges raises reasonable questions relative to defaults in the Grand Jury proceedings and only release of recordings, transcripts, and full documentation of Grand Jury proceedings are able to possibly cure the prejudices caused the defense. <u>Without the ability to determine adequacy and legitimacy of the indictment, the defendant will have been significantly prejudiced due to the inability to determine other fatal violations of the defendant's right to a fair trial or to determine if the government and/or this court unlawfully detained the defendant for nineteen (19) months based upon a knowingly false/fraudulent indictment.</u>

A review and study of the grand jury recordings must be made to determine which charge the government was alleging to the Grand Jury and to determine which charge the grand jury intended in the indictment, and to determine whether the prosecution met its burden of proof relative to sufficiency of evidence, and to determine if there is a basis for criminal contempt/other charges against the prosecutor/others for knowingly defrauding the defendant and the American Public. Other potential prejudices to the Defendant include arguments made by the prosecution throughout pre-trial proceedings and at all scheduled hearings including orders/restraining orders and failure to provide due process relative to the inclusion of civil/criminal/other forfeiture allegations in a knowingly fraudulent indictment that was not dismissed or addressed by either the government, previous defense counsel, or the court. Lastly, a review of Grand Jury transcripts is required to determine if any deficiencies of Grand Jury process and proceedings exist relative to the citation error as dismissal of the indictment is possible under **Rule 7** if a deficiency in the proceedings is identified.

Failure to release the Grand Jury transcripts, recordings, and minutes, <u>or their non-existence,</u> would result in absolute prejudice to the Defendant **as there is probable cause to believe that a Grand Jury was never convened and that the indictment against the defendant is fraudulent.** <u>The discovery recently provided to the defendant includes a copy of a Grand Jury subpoena issued by AUSA Hemani in July 2021 to Wyatt Detention Facility (see Bate Stamped documents USAO-00786657 - USAO-00786888). The defendant was already indicted in January 2021 and believes that no such Grand Jury existed at the time the subpoena was issued in July 2021, six months after NEWTON's indictment and arrest.</u>

The defendant asserts that the subpoena submitted to Wyatt was fraudulently issued in order to obtain the defendant's phone and video conversations with family members (including minor children), where there was not probable cause for a warrant. **<u>The prosecutor unethically submitted a fraudulent Grand Jury indictment to Wyatt Detention Center to obtain recordings it was not otherwise eligible to obtain by legal means.</u>** These unlawfully obtained recordings were subsequently used against the defendant at a previous detention hearing. **<u>The submission of a fraudulent subpoena by the prosecutor requesting information for a Grand Jury that did not exist at the time of issuance in July 2021, raises probable cause to substantiate the defendant's assertion that a Grand Jury was likely NEVER convened in her case, rendering her entire indictment fraudulent and the charges fictitious and manufactured, as previously asserted.</u>** Because the prosecutor issued a fraudulent subpoena to obtain information it was not entitled to at least once, there is probable cause to believe that the prosecutor has done the same thing previously.

NEWTON's inability to review transcripts and Grand Jury minutes, including statements made by the prosecutor during the Grand Jury proceedings, would render the defendant's ability to determine prejudices and errors made during Grand Jury proceedings otherwise impossible. The defendant has filed previous motions to question probable cause in this case relative to the court's review of evidence at arraignment and the subsequent weight of that evidence required for consideration under the Bail Act. The government opposed based on the theory that the defendant cannot question the probable cause established by the Grand Jury by indictment. The defendant asserts that a legitimate Grand Jury was NEVER convened, and that the government has been complicit in severe misconduct at every phase of the proceedings in this case as a result of its misrepresentation to this court. The government's documented and provable misconduct relative to the unethical submission of Grand Jury subpoenas issued to obtain information it is not legally otherwise able to acquire requires this court to intervene and demand the government produce Grand Jury materials for the defense's review and inspection.

The totality of the above circumstances, in the furtherance of justice and due to the court's obligation to uphold both the law and the constitutional rights of every American, demands that the court release ALL Grand Jury documents, testimony, exhibits, minutes, etc. for inspection and review by the defendant. This court is further implored to investigate the likely fraudulent nature of the indictment against the defendant as an illegal act by the government and its co-conspirators in furtherance of a scheme to defraud the defendant and the American Public in an effort to illegally seize assets having a value of more than $21 Million Dollars. Any personal benefit or personal financial gain by the prosecutor, Magistrate, and/or previous defense counsel by the unlawful seizure of assets belonging to the defendant and/or gain or benefit obtained from the unlawful detention of the defendant to cover-up their felonious acts, cannot be ignored by this court and must be swiftly ascertained to avoid any further harm to the defendant, her family, and the American Justice system.

**We hold the undeniable and documented truths stated herein to be self-evident upon review by this court. Justice must be carried out without fear or favor and the irreparable harm caused by the government and others in this case MUST end. This court is obligated to seek the truth and correct previous errors in all cases, and use its power(s) to correct, report, and deter any misconduct by its officers, equally apply the law, enforce case law and legal precedent and uphold the oaths of judicial office.**

DATE: 08/30/22

Respectfully Submitted
By the Defendant, Pro Se

*Faith Newton* (signature)

Faith Newton

Date: 8/30/2022

## Certificate of Service

I hereby certify that on 08/30/2022 this document, addressed to the Clerk of the Court was placed in the I-pod mailbox for outgoing mail, as is customary for detainees at DWDF and the mailroom was notified to deduct postage costs from the Defendant's commissary account.

By: Faith Newton DEFENDANT, Pro Se

Donald Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

(1) Motion to Authorize Disclose. of grand Jury Transcripts, Recording and Minutes