UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>FAITH NEWTON,<br><br>      Defendant | Case No. 21-CR-10035-ADB |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE ARGUMENTS IN SUPPORT OF JURY NULLIFICATION**

The Government requests that the Court issue an order precluding the Defendant from offering any evidence or making any argument – including in her opening statement – tending to invite the jury to ignore this Court's instructions on the law and to decide this case based on other, improper, considerations. Specifically, in this case, which centers on a conspiracy to commit health care fraud and violate the Anti-Kickback Statute, the Defendant may argue that kickbacks in the home health care industry were commonplace and, therefore, that the Defendant should not be held to account for engaging in the conduct charged in the indictment. Moreover, the Defendant may argue that the victim here, MassHealth, was negligent or sloppy in its handling of claims and payments to home health care providers such as the Defendant. Any such attempts to encourage so-called "jury nullification" is wholly improper, and the Government requests that the Court take all necessary steps to prevent the Defendant from employing such a strategy.

    The First Circuit has long held that jury nullification arguments are improper. *See United States v. Appolon*, 695 F.3d 44, 65 (1st Cir. 2012). In *United States v. Sepulveda*, 15 F.3d 1161

1

(1st Cir. 1993), the First Circuit explained that, although a jury has the "raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court," and "neither the court nor counsel should encourage jurors to exercise this power [to nullify]." *Id.* at 1190 (citations omitted). Accordingly, a trial judge "may block defense attorneys' attempts to serenade a jury with the siren song of nullification." *Id.*

Here, there is a significant risk that the Defendant will argue that kickbacks in the home health care industry are widespread and common. Evidence supporting such an argument would be irrelevant under Rule 401 of the Federal Rules of Evidence. Fed. R. Crim. P. 401. Even if that evidence were relevant under Rule 401—and it clearly is not—it would still be inadmissible under Rule 403 because such evidence would risk encouraging the jury to acquit the Defendant based on others engaging in that criminal conduct and not being charged. Fed. R. Crim. P. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [or] misleading the jury …."). That is particularly so here, where the evidence will show that the kickback scheme was intertwined with the fraud scheme: the Defendant and her co-conspirators used kickbacks to get patients into their agency, Arbor, and then used those same patients to bill for services that were medically unnecessary or simply not provided. Accordingly, the probative value of any evidence suggesting that kickbacks are customary in the home health care industry would be substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury.

Courts have long held that evidence that a practice is widespread does not excuse criminal conduct. *See United States v. Oldbear*, 568 F.3d 814, 821 (10th Cir. 2009) (holding that "only [the defendant's] actions and state of mind were material to her guilt" and the mere fact "that others may have been the beneficiaries of improper conduct does nothing to excuse [the

defendant]," and also concluding that such evidence was properly excludable under Rule 403 because it was likely to create a "sideshow from which the jury could have gleaned little valuable information"); *United States v. Pitt-Des Moines, Inc.*, 168 F.3d 976, 991 (7th Cir. 1999) (concluding district court correctly excluded evidence of industry custom and practice; "To the extent the district court excluded evidence based on a fear that the jury might find [the defendant] not guilty because "everyone does it," its decision was correct."); *Newton v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 135 F.3d 266, 274 (3d Cir. 1998) (en banc) ("Even a universal industry practice may still be fraudulent."); *United States v. Fowler*, 932 F.2d 306, 315-16 (4th Cir. 1991) (affirming district court's exclusion of testimony supporting "the everybody-does-it defense" as irrelevant); *United States v. Mahaffy*, 2007 WL 1213738, at *3 n.5 (E.D.N.Y. Apr. 24, 2007) (noting that evidence relating to industry practice "is entirely irrelevant and improper" because "[i]ndustry practice is not a defense to fraud"); *United States v. Berg*, 710 F. Supp. 438, 445 (E.D.N.Y. 1989) (limiting testimony concerning the "custom of other arms dealers in complying with arms export laws" on the ground that such evidence was irrelevant to the state of mind of the defendants), *aff'd in part, rev'd in part on other grounds sub nom. United States v. Schwartz*, 924 F.2d 410 (2d Cir. 1991); *United States v. Slapo*, 285 F. Supp. 513, 513-14 (S.D.N.Y. 1968) ("[W]e have not yet reached the point, at least in this court's view, where an industry custom and practice serves to repeal criminal laws.").

    In light of the above, the Government respectfully submits that the Defendant should not be permitted offer evidence or argue that she should not be convicted for conspiring to violate the Anti-Kickback Statute because kickbacks are common and widely-accepted in the home health care industry, or based on similar arguments that are tantamount to encouraging jury nullification.

Date: June 5, 2023

Respectfully submitted,

UNITED STATES OF AMERICA,

JOSHUA S. LEVY
Acting United States Attorney

*/s/ William B. Brady*
WILLIAM B. BRADY
CHRISTOPHER R. LOONEY
Assistant U.S. Attorneys
1 Courthouse Way
John Joseph Moakley U.S. Courthouse
Boston, MA 02210
(617) 748-3100
William.Brady@usdoj.gov

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Chris Looney*
Christopher R. Looney
Assistant United States Attorney

Dated: June 5, 2023

4