UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                    Plaintiff<br><br>v.<br><br>FAITH NEWTON,<br>                    Defendant | Docket No: 1:21-CR-10035-ADB |

### DEFENDANT'S OBJECTION TO "UPDATED" VERSIONS OF TRIAL EXHIBITS 712.03 AND 712.12 AND RELATED MOTION TO EXCLUCE GOVERNMENT SUMMARY DATA IN THE ABSENCE OF COMPLETE SUMMARY DATA

Defendant **objects** to the admission of all of the government's summary exhibits without source documentation, but especially the new "updated" exhibits it proposes for 712-12 and 712-03 under false pretenses.

Ms. Newton has, since the date of her arrest, been requesting the government to produce source financial documentation in support of its allegations against her. To date, the government has produced only its own worksheets and summary data, without supporting source documentation or any evidence at all in support of its claims. Government "testimony" to the jury through submission of summary data or other exhibits it the total absence of source documentation or legitimate evidence is unlawful, unethical, and unfair and violates the Defendant's right to a fair trial.

The government now seeks to admit summary data in the form of new exhibits without any source documentation whatsoever and has not produced any source documentation to support any of its claims in its proposed exhibits or any other financial exhibits for that matter.

1

**Discovery violations**. Source materials and Certified Bank Statements from all included accounts for the full duration of the alleged conspiracy to commit money laundering timeframe (2013 – 2018) have **NEVER** been produced in discovery despite numerous requests and filings. Likewise, no evidence of source tracing has ever been produced.

1. Government summary is not evidence and, without source documentation, does not comply with Federal Rules of Evidence and should be excluded. Discovery violations and failure to provide source documentation calls for exclusion.

The government is taking advantage of a Pro Se Defendant, given only 30 days to develop her defense because of the four-month lag between the date her attorney filed a motion to dismiss and the court's ruling allowing counsel's withdrawl, by the unethical introduction of documentation it knows to be non-compliant with the Federal Rules of Evidence though techniques it knows to be unethical and in bad faith. The government would not likely be attempting to admit exhibits for which it has never produced any legitimate source documentation if a <u>true</u> defense attorney were participating as opposing counsel. The government continues to cite the agreements of the defendant's prior counsel in support of its unfair and unethical tactics, however that is exactly why previous counsel is now "previous." Counsel's failure to protect and preserve the defendant's rights is not a reason to continue to fail to protect and preserve those rights now. The defendant strongly objects.

Recognizing that a Pro Se defendant must comply with all of the same rules and requirements of a licensed attorney when proceeding pro se, the government's intentional "cheating" by manipulation of the legal process because of its advanced knowledge of the law is unethical and violates the Professional Rules of Conduct.

Attempting to violate the Defendant's right to a FAIR trial by trying to "sneak" in new exhibits calling them "updated" is unacceptable. Doing so mid-trial in an attempt to present money laundering summary data without source documentation, on the fifth day of trial with less than 24 hour notice, demonstrates bad faith and highlights the government's desperation for inclusion of any "evidence" at all.

The government's knowing fraudulent prosecution of the defendant for a $100 million dollar fraud scheme by overbilling has resulted in nothing but "fluff" allegations of civil violations of MassHealth training regulations which this court continues to allow, despite "failure to train employees" not being illegal under any statute and despite training allegations not being part of the alleged "manner and means" as stated in the indictment.

"Alternative theories" of the crime, even if legitimate (which they are not in this case), outside of what is alleged in the indictment, are irrelevant and not applicable in a criminal prosecution. The prejudice of the introduction of such extraneous information has resulted in extreme prejudice to the defendant, as has the government's *in abstentia* prosecution of Arbor Homecare Services as part of this trial when Arbor is not made a party to the indictment and is unable to defend. Corporate entities must be represented by an attorney and cannot be represented *Pro Se*. A corporate entity most certainly cannot be represented *Pro Se* by an employee who is neither an owner nor officer. As such, conviction of the defendant does not equate to an *in abstentia* conviction of Arbor, regardless of conviction should it occur.

2. Government summary exhibits without source documentation equates to government testimony and is inadmissible.

3

If the government wishes to testify in this case, the Defendant will agree to call them as witnesses to her defense when she presents her case-in-chief, otherwise, government testimony should be disallowed.

I ask the court to remind the government that "cheating" does not make up for lack of proper investigation, legitimate indictment, and adequate preparation. Per the court's preliminary charge, "we stand as equals before the Bar of justice."

Defendant moves to exclude all summary data and exhibits unless all supporting source documentation meeting the standards of the Federal Rules of Evidence are simultaneously submitted as part of the same exhibit.

DATE: 7/12/2024

RESPECTFULLY SUBMITTED,

FAITH NEWTON, Defendant, Pro Se