```
                 UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


                                    )
UNITED STATES OF AMERICA,           )
                                    )          Criminal Action
          Plaintiff,                )          No. 21-10035-ADB
                                    )
v.                                  )
                                    )
FAITH NEWTON,                       )
                                    )
          Defendant.                )
                                    )


              * * * * * E X C E R P T * * * * *

                    JURY TRIAL DAY SEVEN

          BEFORE THE HONORABLE ALLISON D. BURROUGHS
                 UNITED STATES DISTRICT JUDGE


                       July 16, 2024



         John J. Moakley United States Courthouse
                     Courtroom No. 17
                    One Courthouse Way
                Boston, Massachusetts  02210




                               Kelly Mortellite, RMR, CRR
                               Official Court Reporter
                               One Courthouse Way, Room 3200
                               Boston, Massachusetts  02210
                               mortellite@gmail.com
```

```
 1   APPEARANCES:

 2   On behalf of the Government:
     William B. Brady
 3   Christopher R. Looney
     United States Attorney's Office MA
 4   1 Courthouse Way
     Suite 9200
 5   Boston, MA 02210
     617-748-3287
 6   william.brady@usdoj.gov
     christopher.looney@usdoj.gov
 7
     Standby counsel on behalf of Pro Se Defendant:
 8   Thomas J. Iovieno
     345 Neponset Street
 9   Canton, MA 02021
     617-464-3300
10   tjilaw@yahoo.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    * * * *
 2             THE COURT:  So I'll circulate drafts of the charge and
 3   the verdict form by the lunch break.  Okay.  And what about the
 4   indictment?  Hold on.  Do you guys have anything else about the
 5   topic we just addressed?
 6             THE DEFENDANT:  Whatever you decide, Your Honor.
 7             THE COURT:  Okay.  Thank you.
 8             How about -- I'll start over here first.  Did you guys
 9   have a chance to look at the redacted indictment?
10             THE DEFENDANT:  Yes, I read it, but I don't
11   understand.  I haven't read it with him.
12             THE COURT:  Okay.  So we can defer on that until
13   later.  It looks like the government is still looking at it,
14   too.
15             Here is the question:  Do you want the indictment to
16   go back with the jury?  I'm not going to send back the whole
17   thing.  So what I've done is proposed a shortened version of
18   it, and honestly my intention was that, it's like the longest
19   possible shorter version, with the idea that it was easier to
20   cut stuff out than it was to add stuff back in.  So I'll send
21   you -- I will hear you all on what you want.  And I'm happy to
22   send none of it.
23             MR. BRADY:  We're fine with that, too, Your Honor.
24   Right.  I think it's -- I think the instructions, last time it
25   didn't go back.  I think the instructions are kind of clear on
```

1   what's alleged and what they need to find, so we're fine if it
2   doesn't go back.
3           THE COURT:  I have honestly never sent back an
4   indictment in a criminal case, never.  But she asked to have it
5   read during the openings, so what I thought was, at a minimum,
6   we'd send back what we read.  I left more in there at this
7   stage, more for like context, but I'm happy to take some of
8   that out.
9           MR. BRADY:  Yeah.  I think if we send anything back, I
08:41 10   think maybe we just stick with what was read before.  I think
11   the reason why usually it doesn't go back is I think generally
12   it's not helpful to the defendant but I also understand.
13           THE COURT:  Well, that's why -- I agree with you that
14   I don't typically find it helpful for the defendant, which is
15   why I redacted it, to try and give her what she wants but not
16   more than that.
17           So you want to look at it with Mr. Iovieno?
18           THE DEFENDANT:  I don't think it's necessary for you
19   to send it.  Do you think it's necessary?
08:41 20           THE COURT:  I never send it.  And the reason I don't
21   send it is because I don't think it's good for the defendant to
22   have the jury read what all the allegations are.  But if you
23   wanted -- this is between you and Mr. Iovieno and whoever else
24   you're talking to about this, but personally I would not send
25   more than the actual charging language of each count.  But it's

```
 1    up to you.  So we'll talk about it at the lunch break.  Okay?
 2    Everyone can think about that a little bit.
 3                          * * * * *
 4           THE COURT:  I'm going to add an on or about charge to
 5    the jury.  I don't know if I have one in there.
 6           MR. LOONEY:  I think that's the language used in the
 7    indictment.
 8           THE COURT:  What?
 9           MR. LOONEY:  That's the language used in the
10    indictment, so we agree it would be appropriate.  Oh, after
11    means --
12           THE COURT:  Yes, I think it's relevant to the statute
13    of limitations.
14           COURTROOM CLERK:  All rise for the jury.
15           (Jury enters the courtroom.)
16                          * * * * *
17           (Jury exits the courtroom.)
18           THE COURT:  She's passing out her motion, which I will
19    look at.  Just to reiterate what I said to the jury, I'm
20    assuming that -- you can pass that up.  Karen, can you get
21    that.
22           I would like to charge them tomorrow afternoon if
23    that's possible, just to use everybody's time most efficiently.
24    So I would like for everybody to look at the jury charge and
25    the verdict form tonight and either send me any suggested
```

1  changes tonight or give them to me first thing tomorrow
2  morning.  That's what I'd like, because I would like to -- I
3  actually think -- and again, I've been wordsmithing a little
4  bit, so people may have things they want to say, but I think
5  that I've included everything that either one of you asked for,
6  other than sort of watering down the government's charge on her
7  representing herself.
8          MR. BRADY:  So Your Honor, I had a chance to flip
9  through this, and I obviously want to take some time after we
10 get out of court just to make sure.  As I flip through it, I
11 don't think we're going to have any issue.  One thing, I'll
12 mention it just because it caught my eye as I was flipping
13 through, in the statute of limitations charge or instruction --
14         THE COURT:  I should also say there's been a lot of
15 cutting and pasting over the last couple of days, so I will
16 read it super carefully tonight, but if you caught anything
17 now, or anything, I'm happy to hear it.  Do you have a page
18 number, please?
19         MR. BRADY:  Page 25.  Again, I raise this just because
20 it caught my eyes.
21         THE COURT:  That's fine.
22         MR. BRADY:  As a suggestion -- I'll give folks a
23 chance.  Page 25, Statute of Limitations, in the first
24 paragraph, there is an example given of the statute of
25 limitations is three years for a particular crime.  I don't

1    know, since we kind of explained that here, it's five years,
2    I'm not sure we need to throw out three years as an example.
3    It's not wrong to do that, Your Honor.
4             THE COURT:  That's fine.  I'll take that out.  I just
5    want to make sure it's perfectly clear what a statute of
6    limitations is, so I will probably add something, "Here, the
7    statute of limitations for each offense charged against Ms.
8    Newton is five years, which means that the government must
9    bring its case within five years of that crime being
10   committed."  Okay?  We'll take the language from the end.
11            Do you have it up?  Did you get that?  Page 25.  So
12   we're going to delete the second sentence, but in the meantime
13   you're going to want to cut this from it.  "Here, the statute
14   of limitations for each offense charged against Ms. Newton is
15   five years, which means," and then the end of that second
16   sentence, "which means the government must bring its case
17   within five years of each crime being committed."
18            I'm going to read it.  There's a lot of cutting and
19   pasting, so it is perfectly conceivable that there's something
20   in there twice.  I noticed that I actually had already included
21   the on or about charge earlier and I deleted that, but there
22   very well may be places that it needs some remedial editing.  I
23   will go through this myself very carefully tonight.
24            So it is my usual practice to read the charge to them
25   without giving them a copy.  And I do it because there's

1   inevitably nits that I need to correct as I go through no
2   matter how many times we've gone through it, but this is a
3   little long and a little bit complicated.
4          Does anyone have a view on whether I should have them
5   follow along with a written copy in their hands?
6          MR. BRADY:  We defer to your judgement, Your Honor.
7   So the answer to your question is no.
8          THE COURT:  I'll give them a pen.  If there's any
9   corrections to be made, I'll just have them make it with a pen.
10         MR. BRADY:  That's fine.
11         THE COURT:  Do you have any different view on that,
12  Mr. Iovieno or Ms. Newton?
13         MR. IOVIENO:  No, I don't.  I think it's fine.
14         THE COURT:  All right.  You guys will go over those.
15         Ms. Newton, do you have any questions about putting on
16  your case tomorrow?  You know you can talk to Mr. Iovieno.  And
17  you understand the rules for testifying.  You'll be up here on
18  the witness stand.
19         THE DEFENDANT:  Yes.
20         THE COURT:  If they object, you stop talking.  They'll
21  be able to cross-examine.  Okay?
22         THE DEFENDANT:  If I don't, can you remind me?
23         THE COURT:  Yes.  I just don't want you surprised.  I
24  just want to make sure that if you have any questions about
25  kind of the ground rules that we can answer them now because I

1  want to -- I know you don't think I'm fair, but I would like
2  this to go as smoothly for you tomorrow as it possibly can.  I
3  want you to be able to tell your story to them, but I just need
4  to make sure that it comports with the rules of evidence and
5  the rulings that I've made.  All right?
6          As I say, I have to have the stitches out tomorrow.
7  It's at 8:00.  It's basically in Boston.  I should be able to
8  get here.  I will come out on the bench as soon as I get here.
9  So let's plan on 9:00 for any changes to this that we can go
02:04 10  over tomorrow.  If I'm a little late, I'm on my way, okay?
11          MR. BRADY:  We'll be here.
12          THE COURT:  Hopefully I will be, too.  All right.
13          The exhibits for Karen, it doesn't have to be today,
14  it can be tomorrow, but at some point you guys need to sit down
15  with her and make sure she's got everything that you want her
16  to have.
17          MR. BRADY:  We'll be available at the Court's
18  convenience.
19          THE COURT:  She'll be here, too.  Okay?  All right.
02:05 20  Thanks, everyone.  Have a good afternoon.
21          MR. BRADY:  Thank you, Your Honor.
22          MR. IOVIENO:  For the record, Your Honor, she wants it
23  on the record --
24          THE COURT:  Yes, she passed up the motion.  I haven't
25  had a chance to read it.  I'll read it tonight and rule on it

```
 1   tomorrow.  If the government has anything they want to respond
 2   to, you can respond to it.
 3             MR. LOONEY:  Thank you, Your Honor.
 4             THE COURT:  Either orally tomorrow morning or in
 5   writing.  Ms. Newton, I haven't read this.  I will go through
 6   it carefully.  If for whatever reason I'm not ready to rule on
 7   it tomorrow morning or if the government wants more time to
 8   respond, I will defer ruling on it, but it's still deemed as
 9   filed.  Okay?
10             MR. LOONEY:  Thank you, Your Honor.
11             THE COURT:  All right.
```

CERTIFICATE OF OFFICIAL REPORTER

I, Kelly Mortellite, Registered Merit Reporter and Certified Realtime Reporter, in and for the United States District Court for the District of Massachusetts, do hereby certify that the foregoing transcript is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter to the best of my skill and ability.

Dated this 8th day of August, 2024.

/s/ Kelly Mortellite

_____

Kelly Mortellite, RMR, CRR

Official Court Reporter